**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

UNITED STATES OF AMERICA,

                            Plaintiff,

    v.                                      No. 05-CV-1169 (GLS/DRH)

$4,675.00 IN UNITED STATES CURRENCY;
and ONE 1997 FORD EXPEDITION VIN
1FMFU18L4VLB79261, NY License No.
DGB-8080,

                            Defendant.

GREGORY LEE and MARSA GAINES,

                            Claimants.

---

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| HON. GLENN T. SUDDABY<br>United States Attorney for the Northern<br>   District of New York<br>Attorney for Plaintiff<br>218 James T. Foley U.S. Courthouse<br>445 Broadway<br>Albany, New York 12207-2924 | THOMAS A. CAPEZZA, ESQ.<br>Assistant United States Attorney |

MR. GREGORY LEE
Claimant Pro Se
Ulster County Jail
E-8
61 Golden Hill Drive
Kingston, New York 12401

MS. MARSA GAINES
Claimant Pro Se
40 Prince Street
Kingston, New York 12401

**DAVID R. HOMER
U.S. MAGISTRATE JUDGE**

**REPORT-RECOMMENDATION AND ORDER**

Plaintiff United States of America commenced this action on September 16, 2005 seeking forfeiture of the above-captioned property as proceeds and instrumentalities of narcotics violations pursuant to 21 U.S.C. §§ 881(a)(4) and (6).  Compl. (Docket No. 1). Gregory Lee (Lee") and Marsa Gaines ("Gaines") were deemed to have filed claims for the currency and vehicle respectively opposing the forfeiture.  Docket No. 16.  On October 17, 2005, Lee was served with interrogatories and document demands.  Pl. Motion (Docket No. 18) at 2.  An order was entered on May 12, 2006 establishing a schedule for the progression of the case, including a deadline for completing discovery by October 27, 2006. Docket No. 17.  Lee served no responses to the discovery demands.  Id.[1]  On November 2, 2006, the United States commenced a deposition of Gaines, but the deposition was adjourned without completion when Gaines, who was proceeding pro se, requested to seek legal counsel before continuing.  Transcript of Gaines Deposition (Pl. Motion, Ex. E) at 25-29.

The United States then filed the presently pending motion on November 16, 2006 for an order (1) compelling Lee to serve responses to limited financial questions contained in the interrogatories (United States' Reply (Docket No. 21) at Ex. C), (2) permitting Gaines time to retain an attorney and then complete her deposition, and (3) extending the deadline for completion of discovery.  Docket No. 18.  Lee then served partial responses to the United States' interrogatories, not including responses to financial questions, and an

---

[1] Gaines was also served with interrogatories and document demands but served responses.  Pl. Motion at 2.

opposition to its motion. Docket No. 21.[2]

As to the discovery demanded of Lee, the United States is entitled to discovery of the financial information sought here. Among other things, that information may reasonably allow the United States to determine and argue that there was no legitimate source for the subject currency other than the alleged narcotics violation, which makes the information sought relevant within the broad scope of Fed. R. Civ. P. 26(b)(1). Accordingly, Lee is directed to serve a response to the United States' interrogatories to the extent of the financial information requested in Exhibit C to the United States' reply and to serve such responses on or before March 7, 2007.

As to Gaines' deposition, Gaines has now had sufficient time to attempt to retain counsel to represent her in this action or at her deposition. The United States is entitled to take Gaines' deposition. Accordingly, it is ordered that Gaines appear for the completion of her deposition on or before April 1, 2007 at a time and place to be arranged between the parties. [3]

Good cause to extend the scheduling deadlines in this case is presented by the discovery disputes described herein. Therefore, those deadlines will be extended as described below.

---

[2] Lee's opposition includes what will be deemed a cross-motion to dismiss the complaint and return the subject property to the claimants. Because the complaint states a viable claim for the forfeiture of that property and because Lee's cross-motion fails to demonstrate any colorable basis for dismissing the complaint, it is recommended that Lee's cross-motion to dismiss be denied.

[3] If the United States and Gaines are unable to agree upon a mutually agreeable time and place, either may request a conference with the undersigned at which the time and place will be determined by the Court.

WHEREFORE, it is hereby

**ORDERED** that the United States' motion (Docket No. 18) is **GRANTED** as follows

    1. The scheduling order filed in this case on May 12, 2006 (Docket No. 17) is hereby amended as follows:

        A. The deadline for completing discovery is extended to **May 1, 2007**;

        B. The deadline for filing dispositive motions is extended to **June 15, 2007**;

        C. The date by which this case shall be ready for trial is **August 1, 2007**; and

        D. The date for commencement of trial shall be set by the assigned district judge;

    2. On or before **March 1, 2007**, Gregory Lee shall serve responses to the interrogatories set forth in Exhibit C to the reply of the United States (Docket No. 21); and

    3. On or before **April 1, 2007**, Marsa Gaines shall appear for the completion of her deposition at a time and place to be arranged between the parties; and

**IT IS RECOMMENDED** that Lee's cross-motion to dismiss the complaint herein (Docket No. 21) be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE**

**REVIEW**.  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

**IT IS SO ORDERED.**

DATED: January 31, 2007
        Albany, New York

*David R. Homer*
United States Magistrate Judge