UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA

                Plaintiff,                05-CV-1169
                                                      (GLS/DRH)

        v.

$4,675.00 IN UNITED STATES
CURRENCY and ONE 1997
FORD EXPEDITION, VIN:
IFMFU18L4VLB79261, NEW
YORK LICENSE NO.:
DGB-8080

                Defendants,

GREGORY LEE and MARSA
GAINES,

                Claimants.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| **FOR THE UNITED STATES:** | |
| HON. GLENN T. SUDDABY<br>United States Attorney<br>445 Broadway<br>218 James T. Foley U.S. Courthouse<br>Albany, New York 12207-2924 | THOMAS A. CAPEZZA<br>Assistant U.S. Attorney |
| **FOR THE CLAIMANTS:** | |

GREGORY LEE
Claimant, *Pro Se*
07-A-4990
Five Points Correctional Facility
Caller Box 119, State Route 96
Romulus, New York 14541

MARSA GAINES
Claimant, *Pro Se*
40 Prince Street
Kingston, NY 12401

**Gary L. Sharpe
U.S. District Judge**

# MEMORANDUM-DECISION AND ORDER[1]

## I. Introduction

The United States brings this *in rem* action seeking forfeiture of a 1997 Ford Expedition and $4,675.00 in United States currency. The government presently seeks dismissal of the claims of Gregory Lee ("Lee") and Marsa Gaines ("Gaines") to the subject property, and an uncontested

---

[1] This identical Memorandum Decision and Order was originally mailed to Claimant Gregory Lee on November 30, 2007 at the Ulster County Jail. (*Dkt. No.* 35). Lee's copy of the order was returned on December 7, 2007, indicating that Claimant Gregory Lee was no longer at the Ulster County Jail. *(Dkt. No. 36).* The court ascertained Claimant Gregory Lee's current address listed in the caption from NYS Department of Correctional Services website: www.docs.state.ny.us  and therefore is re-sending the Memorandum-Decision and Order to this address. Pursuant to Local Rule 10.1(b)(2) and 41.2(b), "All pro se litigants must immediately notify the court of any change of address. The notice of change of address is to be filed with the Clerk and served on all other parties to the action. Failure to notify the Court of a change of address in accordance with L.R. 10.1(b) may result in the dismissal of any pending action."

judgment of forfeiture as a sanction for failure to comply with the court's order compelling discovery.  For the reasons that follow the government's motion is granted in part and denied in part.

## II. Background

On September 16, 2005, the United States filed a civil complaint under the provisions of Rule C of the Supplemental Rules of Admiralty and Maritime Claims and 21 U.S.C. § 881(a)(4) & (6).  *See Dkt. No. 1.*  The complaint sought forfeiture of the above referenced property as proceeds and instrumentalities of an alleged cocaine transaction in April of 2005.  *Id.*

On November 14, 2005, Gaines filed a claim and answer to the complaint, seeking return of the Ford Expedition.[2]  On December 2, 2005, Lee filed a claim and answer, seeking return of the $4,675 in currency.  *See Dkt. No. 8.*  In January of 2006, this court issued an order barring all further claims.  *See Dkt. No. 16.*  On November 2, 2006, the government began a deposition of Gaines.  *See Mot. to Dismiss, Ex. E, Dkt. No. 32*.  However, she became concerned when certain financial questions were asked, and halted the deposition so that she could consult an attorney.  *Id.*

---

[2]While Gaines was not added as a party claimant until November 27, 2006, *see Dkt. No. 20*, the government states in its current memorandum that Gaines' answer and claim was asserted on November 14, 2005.  *See Mot. to Dismiss, Main Doc. pg. 2, Dkt. No. 32.*  The court will assume this date is correct, as the answer and claim is not on the docket

3

at 28-29.  The government subsequently filed a motion to compel discovery of Lee and Gaines.  *See Dkt. No. 18.*  On January, 31, 2007, Magistrate Judge Homer granted the government's motion, ordered Lee to respond to the government's interrogatories by March 1, 2007, and ordered Gaines to appear for the completion of her deposition by April 1, 2007.  *See Dkt. No. 27.*

To date, Lee has failed to address the government's interrogatories, particularly in regards to his actual gross income.  He has responded only through a letter stating "[l]isten I'll save you the trouble of your redundant request for my tax information?  There are no records!!!"  *See Mot. to Dismiss, Ex. I, Dkt. No. 32.*  Gaines, for her part, failed to appear for the second scheduled deposition on March 6, 2007.  *Id.* at Ex. J.  A third deposition was scheduled for March 29, 2007.  *Id.* at Ex. K.  Gaines appeared without counsel on this occasion, but again became agitated once the deposition began and sought to end it.  *Id.* at 2, 30-31.  The government informed Gaines that if she left the deposition a motion would be made to forfeit the vehicle as a sanction for her failure to comply with the court's February 23rd order.  *Id.* at 31.  Gaines replied that she understood, and, in response to the prosecutor's question, "[s]o you're

4

withdrawing your claim to this vehicle?", stated "[y]es, I am." *Id.* Gaines left the deposition, which again ended without successful completion. *Id.*

The government thereafter filed this motion seeking dismissal of Gaines' and Lee's claims, and forfeiture of the subject property as a sanction for their failure to comply with this court's discovery order. *See Dkt. No. 32*. Neither claimant has responded to the pending motion.

### III. Discussion

Under FED. R. CIV. PRO. 37(b)(2) "[i]f a party ... fails to obey an order to provide or permit discovery ... the court ... may make such orders in regard to the failure as are just." Among the illustrative orders provided by the rule is one "dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party." *Id.* at 37(b)(2)(C).

Dismissal of a claim to seized property for failure to comply with a discovery order is "a severe sanction that should not be lightly imposed." *Friends of Animals Inc. v. U.S. Surgical Corp.*, 131 F.3d 332, 334 (2d Cir. 1997); *see also United States v. U.S. Currency in the Amount of Six Hundred Thousand Three Hundred and Forty One Dollars*, 240 F.R.D. 59, 62 (E.D.N.Y. 2007). Nevertheless, such judicial action "may be warranted

5

where 'the requisite element of willfulness or conscious disregard for the discovery process ... justifies the sanction of dismissal.'" *U.S. Currency*, 240 F.R.D. at 62 (quoting *Founding Church of Scientology of D.C., Inc. v. Webster*, 802 F.2d 1448, 1458 (D.C. Cir. 1986)).

It is clear that Gaines had no intention of complying with the court's order insofar as it required her to submit to a complete deposition by April 1, 2007.  She failed to attend the scheduled March 6, 2007 deposition and prematurely terminated the March 29, 2007 deposition.  Indeed, her testimony on March 29th leads this court to conclude that she has completely withdrawn her claim to the Ford Expedition.

As Gaines has disobeyed the court's discovery order, and in doing so has exhibited a "willful [and] conscious disregard for the discovery process," the court dismisses her claim.  Because she was the only claimant to the Ford Expedition, the government's request for an uncontested judgment of forfeiture against it is granted.

As to Lee, he has undoubtably failed to comply with the court's order that he serve proper responses to the government interrogatories by March 1st.  However, he has responded in some form and, given his *pro se* status, the court does not feel dismissal of his claim is the proper sanction at this

6

juncture. However, in order to preserve his claim to the $4,675.00, Lee must properly respond to the government's motion to dismiss within 14 days of this order's filing date, or the court will enter an order dismissing such claim for the reasons articulated by the government.

## IV.  Conclusion

**WHEREFORE,** for the foregoing reasons, it is hereby

**ORDERED,** that claimant **MARSA GAINES'** claim to the defendant **FORD EXPEDITION** is **DISMISSED**; and it is further

**ORDERED,** that the **UNITED STATES'** motion for an uncontested judgment of forfeiture against the defendant **FORD EXPEDITION** is **GRANTED**; and it is further

**ORDERED,** that claimant **GREGORY LEE** file and serve his response to the government's motion to dismiss with the court and provide a copy to the government within **FOURTEEN (14) DAYS** of the filing date of this Order; and it is further

**ORDERED**, that if claimant **GREGORY LEE** fails to file and serve his response to the government's motion within **FOURTEEN (14) DAYS of the filing date of this Order**, the court will enter an Order dismissing his claim and this action, for the reasons articulated in the government's brief;

7

and it is further

**ORDERED,** that the Clerk of the Court provide a copy of this Order to the parties and claimants by regular mail.


December 20, 2007
Albany, New York

_____
Gary L. Sharpe
U.S. District Judge