**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA,**

        Plaintiff,        05-CV-1169
                                 (GLS/DRH)
        v.

**$4,675.00 IN UNITED STATES**
**CURRENCY and ONE 1997**
**FORD EXPEDITION, VIN:**
**IFMFU18L4VLB79261, NEW**
**YORK LICENSE NO.:**
**DGB-8080,**

        Defendants,

**GREGORY LEE and MARSA**
**GAINES,**[1]

        Claimants.
_____

| | |
|---|---|
| **APPEARANCES:** | **OF COUNSEL:** |
| **FOR THE UNITED STATES:** | |
| HON. GLENN T. SUDDABY | THOMAS A. CAPEZZA |
| United States Attorney | Assistant U.S. Attorney |
| 445 Broadway | |
| 218 James T. Foley U.S. Courthouse | |
| Albany, New York 12207-2924 | |

**FOR THE CLAIMANT:**

---

[1] Marsa Gaines' claim to the defendant property was dismissed in the Court's December 20, 2007 order. (See Dkt. No. 37.)

GREGORY LEE
Claimant, *Pro Se*
07-A-4990
Upstate Correctional Facility
P.O. Box 2001
Malone, New York 12953

**Gary L. Sharpe
U.S. District Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Background

On September 16, 2005, the United States filed a civil complaint under the provisions of Rule C of the Supplemental Rules of Admiralty and Maritime Claims and 21 U.S.C. § 881(a)(4) & (6). (See Dkt. No. 1.) The complaint sought forfeiture of the above referenced property as proceeds and instrumentalities of a cocaine transaction in April of 2005. *Id.*

On December 2, 2005, Lee filed a claim and answer, seeking return of the $4,675 in currency. (See Dkt. No. 8.) In January of 2006, this court issued an order barring all further claims. (See Dkt. No. 16.) The government subsequently filed a motion to compel discovery of Lee, as he had failed to properly respond to interrogatories regarding his claim. (See Dkt. No. 18.) On January, 31, 2007, Magistrate Judge Homer granted the government's motion and ordered Lee to properly respond to the government's interrogatories

2

regarding his finances by March 1, 2007. (See Dkt. No. 27.)  In spite of Judge Homer's order, Lee failed to completely address the government's interrogatories, particularly in regards to his actual gross income.  He responded only through a letter stating "[l]isten I'll save you the trouble of your redundant request for my tax information?  There are no records!!!"  (See Mot. to Dismiss, Ex. I, Dkt. No. 32.)

On June 29, 2007, the government filed the currently pending motion, seeking dismissal of Lee's claim and an uncontested judgment of forfeiture of the defendant currency as a sanction under F ED. R. C IV. P. 37(b)(2) for Lee's failure to comply with Judge Homer's January 31st order compelling discovery. (See Dkt. No. 32.)  Lee did not respond.  In considering the government's motion, the court found that while Lee's response to the interrogatories was completely insufficient in regards to his financial information, he had responded in some form.  (See Dkt. No. 37.)  There was some concern that perhaps Lee did not understand the substance of the government's request, or had some other valid excuse for his failure to properly respond to the financial interrogatories.  Therefore, in an order dated December 20, 2007, the court ordered Lee to respond to the government's motion for an uncontested judgment of forfeiture within fourteen days to avoid dismissal of his claim.  *Id.*

3

Lee, in a largely irrelevant dissertation, responded by asserting that he was not in receipt of the government's motion. (See Dkt. No. 38.) As such, the court provided him with the government's motion, this court's December 20, 2007 order, and Judge Homer's January 31, 2007 order, and provided him another twenty-one days to respond. (See Dkt. No. 40.)

Lee has now responded to the government's motion by asserting that his prior correspondence to the government, indicating that he was in prison for the years in question and had no tax records, was a good faith attempt to answer the financial interrogatories.[2] (See Dkt. No. 42.) Perhaps sensing the crossroads at which he now stands, Lee has also properly and completely answered the government's financial interrogatory form, finally providing his gross income for the years in which he had one. *Id.*

As the matter is now sufficiently briefed, the court turns to the merits of the government's motion.

## II. Discussion

Dismissal, such as the government seeks, is indeed a permissible

---

[2]Much of Lee's response brief also seeks to generally invoke the exclusionary rule to preclude evidence he claims was illegally seized. The exclusionary rule does apply to forfeiture proceedings where possession of the property seized is not, in and of itself, illegal. *See One 1958 Plymouth Sedan v. Pennsylvania*, 380 U.S. 693 (1965). However, these arguments are not properly raised in the context of the government's motion for sanctions. As such, the court addresses them no further.

4

sanction under Fed. R. Civ. P. 37(b)(2).  However, it is an extreme penalty which should be resorted to only when a party has demonstrated willfulness or bad faith and has been warned of the risk of dismissal for failure to comply with court orders.  *See, e.g., Valentine v. Museum of Modern Art*, 29 F.3d 47, 50 (2d Cir. 1994); *Bobal v. Rensselaer Polytechnic Inst.*, 916 F.2d 759, 764 (2d Cir. 1990); *Ireland v. County of Essex*, No. 1:00CV1834, 2005 WL 1388942, at *2 (N.D.N.Y. June 8, 2005).

In the present instance, Lee's response brief makes clear that he was in willful disregard of Judge Homer's January 31st order, despite his protestations of good faith.  First, his sudden epiphany as to the exact nature of the government's request smacks of contrived ignorance in his past responses. More serious is Lee's admission that his non-compliance was due, at least in part, to his belief that Judge Homer had no jurisdiction to order him to comply with the government's interrogatories.[3]  These circumstances leave no doubt that Lee knew what he was being ordered to do and purposely shirked his

---

[3] On this score Lee is clearly in error.  "[W]hile it is true that a magistrate judge has no authority to deal with dispositive matters in an action unless all of the parties to the action consent to such jurisdiction in writing, see 28 U.S.C. § 636(c), the same does not hold true as to non-dispositive matters.  28 U.S.C. § 636(b)(1)(A) states that ... 'a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court'" with exceptions not relevant here.  *Glendora v. Press*, No. 1:07-CV-0940, 2007 WL 3254242, at *2 (N.D.N.Y. Nov. 2, 2007).  As such, it was well within Judge Homer's power to order Lee to properly respond to the government's interrogatories.

5

obligations.

Having established that Lee was in willful non-compliance with Judge Homer's January 31st order, the question then becomes whether Lee was warned that his failure to comply with such order could result in dismissal of his claim. While the government has not briefed this issue, it does not appear that Lee was on such notice.[4] Judge Homer's January 31st order did not notify Lee that by failing to respond to the government's interrogatories his claim would be subject to dismissal. Nor does the court discern any other order on the docket which did so. Nonetheless, every State prison library houses this District's *pro se* handbook which would have provided at least some basis for a finding that Lee knew the repercussions of failing to comply with the terms of court orders. However, given Lee's *pro se* status and the solicitude given *pro se* litigants in this Circuit, the court must deny the government's motion to dismiss Lee's claim under FED. R. CIV. P. 37. However, let this order serve as warning to Lee that further non-compliance with court orders will result in the dismissal

---

[4]As such, the circumstances regarding Lee's claim should be distinguished from those surrounding Marsa Gaines's dismissed claim to the Ford Expedition. The court dismissed Gaines's claim after she refused to submit to a full deposition by the government despite Judge Homer's order that she do so. However, before she terminated the deposition Gaines was informed of the consequences of such action by the government, and indicated she was releasing her claim to the Expedition. (See Dkt. No. 37.)

6

of his claim with prejudice.

**WHEREFORE,** for the foregoing reasons, it is hereby

**ORDERED**, that the government's motion (Dkt. No. 32.) is **DENIED** insofar as it seeks dismissal of claimant **GREGORY LEE'S** claim to the defendant **$4,675.00 IN UNITED STATES CURRENCY** and an uncontested judgment of forfeiture as to such funds; and it is further

**ORDERED**, that the remainder of the government's motion is resolved pursuant to the court's December 20th order (Dkt. No. 37.); and it is further

**ORDERED**, that the Clerk of the Court provide a copy of this Order to the parties and claimants by regular mail.

**IT IS SO ORDERED**.

March 27, 2008
Albany, New York

*Gary L. Sharpe*
Gary L. Sharpe
U.S. District Judge